

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00110-CR

---

RICHARD ALAN TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 081436-A-CR, Honorable Dee Johnson, Presiding

---

July 22, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Richard Alan Taylor, appeals his conviction for aggravated sexual assault of a child[1] and sentence to sixty years of confinement. The reporter's record was originally due May 19, 2025, but we granted the reporter two extensions to file the record due to her caseload. By letter of June 20, 2025, we admonished the reporter that failure to file the reporter's record by July 9 could result in the appeal being abated and the cause

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

remanded to the trial court for further proceedings without further notice. The reporter has since requested a third extension of thirty days to file the reporter's record.

To expedite the disposition of this appeal and in the interest of conservation of judicial resources, we deny the request for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     what amount of time is reasonably necessary for the completion of those tasks; and

(3)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than forty-five days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by September 2, 2025.

Should the reporter file the record on or before the date the trial court acts per our directive, she shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

2

It is so ordered.

Per Curiam

Do not publish.